```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

MARK TUNNE,

                Plaintiff,

                -against-

JUDGE BRENDA S. SPEARS; THE CITY OF
NEW YORK; JUDGE JEAN SCHNEIDER;
JUSTICE MICHAEL PESCE; JUSTICE
MICHELLE WESTON; JUSTICE JAIME
RIOS; THE ESTATE OF FRED ZEISS;
GERALD P. HALPERN, ESQ.; ALAN ZEISS;
MAUTNER-GLICK CORP. ("MGC"); ALVIN
GLICK SR.; JOSE MORENO; LORENA
MORENO; THE PRICE LAW FIRM, PLLC;
JOSHUA CLINTON PRICE, ESQ.; HEATHER
TICOTIN, ESQ.,

                Defendants.

19-CV-10666 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action asserting claims related to his eviction in 2013 from a rent-regulated apartment. Plaintiff sues judges, law firms, the apartment owners and property management, witnesses from the eviction trial (*e.g.*, the superintendent and his wife), and the City of New York. Plaintiff's prior suit in this Court arising out of state court eviction proceedings for the same apartment was dismissed. *See Tunne v. Halpern*, ECF 1:13-CV-8570, 2 (LAP) (S.D.N.Y. Jan. 7, 2014). By order dated November 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following allegations are from Plaintiff Mark Tunne's complaint. Years ago, Plaintiff resided in a rent-regulated apartment on East Tenth Street in the East Village in Manhattan. Fred Zeiss (later succeeded by Alan Zeiss) owned the apartment, and Mautner Glick Corporation (MGC), owned by Alvin Glick, was the property management agency.[1] Jose Moreno, who was married to Lorena Moreno, was the building superintendent.

Superintendent Moreno filed a complaint with the police in 2002, leading to criminal charges against Plaintiff for aggravated telephone harassment.[2] In 2003 and 2005, the apartment owner commenced landlord-tenant proceedings against Plaintiff, but Plaintiff alleges that these were discontinued, as were landlord-tenant proceedings initiated against him in 2005. (Compl., ECF 2, at 24.) In 2003, Superintendent Moreno and his wife called the police, which led to Plaintiff being arrested on charges of aggravated stalking. In March 2005, after a four-day trial, a jury acquitted Plaintiff on those charges. (*Id.* at 36.)

---

[1] Gerald Halpern eventually was the co-executor of Fred Zeiss's estate.

[2] According to documents annexed to the complaint, the Manhattan District Attorney eventually declined to prosecute these charges.

In 2006, the apartment owner hired the Price Law Firm LLC, and its attorneys Joshua Price and Heather Ticotin, to commence holdover proceedings against Plaintiff in Housing Court. The complaint alleged "chronic nonpayment of rent with aggravating (nuisance) circumstances." (*Id.* at 9.) Plaintiff argues that he did not have five prior nonpayment actions.

There was an "evil scheme to execute an unlawful, fraudulent, eviction of Plaintiff." (*Id.* at 11.) Housing Court Judge Wendt allegedly refused to hear oral arguments on the nuisance charges, and accepted false statements that Plaintiff's rent was late, despite Plaintiff's denial. Plaintiff states that during this period MGC "refused to accept and credit Plaintiff's on-time rent payments," which were returned to him.

In or about June 2008, a trial was held on the non-payment and nuisance proceedings, and the witnesses included Lorena Moreno and MGC employees. Plaintiff alleges that Housing Court Judge Spears abused her authority in various ways due to her "personal malice towards Plaintiff." (*Id.* at 23.) On October 6, 2009, Judge Spears entered an order of eviction. (*Id.* at 152.)

Judge Schneider also allegedly acted "with malice and non-compliance of the law." Judge Schneider and Appellate Justices Pesce, Weston, Rios, together with "Price, Halpern, Zeiss, Glick, and MGC each committed fraud and/or conspiracy to commit fraud against Plaintiff in order to side-step, dismiss, sever, and violate Plaintiff's due process rights [by] holding him . . . legally bound to two, non-litigated holdover petitions." (*Id.* at 28.)[3]

On December 18, 2012, the Appellate Term panel, after allegedly having treated Plaintiff unfairly at oral argument, affirmed the order upholding Plaintiff's eviction.

---

[3] This appears to relate to Plaintiff's argument that the Housing Court should not have found that he had five prior nonpayment actions.

Plaintiff vacated the apartment on January 16, 2013, after receiving notices from the City Marshal. Since his eviction, Plaintiff has endured extended periods of homelessness, leading to "declining overall physical and mental health." (*Id.* at 29.) In 2014, Plaintiff filed a suit "for replevin" in the Supreme Court of the State of New York, New York County, against Halpern, Zeiss, and Price; that suit settled four years later, on October 4, 2018. (*Id.* at 30.)

Plaintiff has also previously filed suit in federal court against many of the same parties he now sues, including Gerald P. Halpern, executor for the Estate of Fred Zeiss; Alan Zeiss; and MGC and its President, Alvin Glick. *See Tunne v. Halpern*, ECF 1:13-CV-8570, 4 (LAP) (S.D.N.Y. Jan 7, 2014) (dismissing claims arising out of eviction proceedings).

Plaintiff names as Defendants in this action the five judges involved with his court proceedings (Brenda S. Spears, Jean Schneider, Michael Pesce, Michelle Weston, and Jaime Rios); lawyers involved with those proceedings (The Price Law Firm, PLLC; Joshua Clinton Price, Esq.; and Heather Ticotin, Esq.); current or former apartment owners and managers (The Estate of Fred Zeiss; Alan Zeiss; MGC; and Alvin Glick Sr.); the executor of the prior owner's estate, Gerald P. Halpern, Esq.; and the Superintendent and his wife.

Plaintiff asks this Court to review and reverse the state court decision and restore him to his rent-stabilized apartment. (*Id.* at 155.) He also asserts claims for "landlord harassment [and] retaliation" (*Id.*), for which he seeks damages.

## DISCUSSION

**A.** **Review of State Court Decisions**

As set forth in the order dismissing Plaintiff's prior action, federal district courts lack authority to review state court judgments. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005) ("28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *Hoblock v. Albany*

4

*Cty. Bd. of Elections*, 422 F. 3d 77, 85 (2d Cir. 2005) ("[I]n some circumstances, federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments").

"Where a federal suit follows a state suit, the former may be prohibited by the so-called *Rooker–Feldman* doctrine." *Id.* at 83.[4] The *Rooker–Feldman* doctrine applies when four requirements are met: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by the state court judgment"; (3) "the plaintiff must invite district court review and judgment of the state court judgment"; and (4) "the state court judgment must have been rendered before the district court proceedings commenced." *Hoblock*, 422 F. 3d at 83-92 (relying on *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, the state Housing Court entered a judgment adverse to Plaintiff long before he filed this action. Plaintiff complains of injuries caused by the state court judgment against him in the eviction proceedings. This Court lacks jurisdiction to review or vacate the state court decision and award the relief that Plaintiff seeks.[5] The Court therefore dismisses Plaintiff's claims challenging the state court order.

**B.      Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot

---

[4] The doctrine takes its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983).

[5] Plaintiff's remedy was to appeal within the state court system, which he did. His appeal was unsuccessful.

overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff's claims against Judges Brenda S. Spears, Jean Schneider, Michael Pesce, Michelle Weston, and Jaime Rios arise out of their judicial actions in his cases before them. Plaintiff's claims against these defendants are therefore dismissed based on judicial immunity. 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.  Municipal Liability**

When a plaintiff sues a municipality such as the City of New York under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). Here, Plaintiff names the City of New York as a Defendant but fails to plead sufficient facts suggesting that any policy, custom, or practice of the City of New York caused a violation of his rights. Plaintiff thus fails to state a claim on which relief can be granted.

Plaintiff alleges that the City of New York is "the public employer of chief defendant Judge Spears and co-defendant Judge Schneider," and that it "assumes the risks of incidental or actual . . . malice associated with having no subject matter jurisdiction on all claims filed in holdover eviction petitions and the negligent supervision, training, retention, and employment of all housing court judges." (Compl., ECF 2, at 3.) The Housing Court of the City of New York is part of the New York State Unified Court System and "is unquestionably an 'arm of the State.'" *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (explaining that Family Court is part of the New York State Unified Court System and thus "is unquestionably an 'arm of the State,' entitled to Eleventh Amendment sovereign immunity."); *see also Pantoja v. Scott*, No. 96-CV-8593 (AJP), 2001 WL 1313358, at *2 (S.D.N.Y. Oct. 26, 2001) ("[T]he New York City Housing Court is a State not City entity."). Because the New York State Unified Court System is entitled to Eleventh Amendment immunity, it would be futile to grant Plaintiff leave to amend to replead this claim.

**D.     Private Parties**

All of the remaining defendants, including attorneys, property managers, owners and others connected to the property from which Plaintiff was evicted, are private parties. A claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Because Plaintiff does not plead facts showing that any of the remaining defendants – including lawyers involved with the eviction proceedings (The Price Law Firm, PLLC; Joshua

7

Clinton Price, Esq.; Heather Ticotin, Esq.); current or former apartment owners and managers (The Estate of Fred Zeiss; Alan Zeiss; MGC; and Alvin Glick Sr.), Executor Gerald P. Halpern, Esq.; and the Superintendent and his wife – were acting under color of state law in connection with the eviction proceedings, Plaintiff cannot state a claim against any of these private individuals under § 1983.

**E.     Fair Housing Act**

The Fair Housing Act (FHA) protects tenants from discrimination in the "terms, conditions, or privileges" of a rental or dwelling based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). A civil action under the FHA may be brought no "later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a).[6]

Here, even assuming that Plaintiff's claims of race discrimination have not already been adjudicated in the state court, or are not barred by *res judicata*,[7] any FHA claim that Plaintiff may be making is untimely. The failure to file an action within the limitations period is an affirmative defense, and thus a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however,

---

[6] Under the continuing violation doctrine, when an unlawful practice "continues into the limitations period, the complaint is timely" if the last alleged practice is within the two-year statutory period. *Havens v. Coleman*, 455 U.S. 363, 380 (1982). "A continuing violation may be found where there is proof of specific ongoing discriminatory policies or practices, or where specific and related instances of discrimination are permitted . . . to continue unremedied for so long as to amount to a discriminatory policy or practice." *Tejada v. Little City Realty LLC*, 308 F. Supp. 3d 724, 730 (E.D.N.Y. 2018) (relying on *Cornwell v. Robinson*, 23 F.3d 694 (2d Cir. 1994)).

[7] *See Pantoja v. Scott*, No. 96-CV-8593 (AJP), 2001 WL 1313358, at *7 (S.D.N.Y. Oct. 26, 2001) ("[B]ecause Pantoja's Fair Housing Act discrimination claim arises out of the same set of facts as the claims adjudicated by Justice Schlessinger, Pantoja is barred under New York's transactional approach to *res judicata* from relitigating any and all claims arising out of the real estate transaction at issue in the State court litigation, including his Fair Housing Act claim.").

where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds).

Plaintiff alleges that during his tenancy, which began sometime prior to 2000, the Superintendent and his wife, among other things, called him "Negrito" and other racially derogatory terms. Plaintiff further alleges that his tenancy ended in 2013, when he vacated the apartment in light of the 2009 eviction order. The two-year limitations period for Plaintiff to bring an FHA action thus expired long before Plaintiff filed this action.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). Because Plaintiff's complaint gives no indication that any relief whatsoever is available to him from this Court regarding his long-ago tenancy or his 2013 eviction, the Court declines to grant Plaintiff leave to amend his complaint.

There is no mechanism available to Plaintiff in federal court to "undo" the state court eviction, and Plaintiff had already been advised of that in the order dismissing his prior federal suit arising from the same eviction. *See Tunne*, ECF 1:13-CV-8570, 4 (S.D.N.Y.). The Court therefore cautions Plaintiff that further repetitive litigation in this Court regarding the eviction will result in an order barring him, under 28 U.S.C. § 1651, from filing new actions *in forma pauperis* without prior permission.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court declines to exercise supplemental jurisdiction over any state law claims that Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 19, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge